```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUIS AND SHARON MARTINEZ AND BM,

                        Plaintiffs,              04-CV-6229T

        v.                                       ORDER

PITTSFORD CENTRAL SCHOOL DISTRICT;
BOARD OF EDUCATION OF PITTSFORD
CENTRAL SCHOOL DISTRICT; PATRICIA
BROGAN; MAUREEN DEMARCO AND the NEW
YORK STATE DEPARTMENT OF EDUCATION,

                        Defendants.
_____
```

Plaintiffs bring this action pursuant to several state and federal laws contending, <u>inter alia</u>, that the defendants unlawfully denied plaintiffs reimbursement for certain educational costs expended on private educational services for their special-needs child. By motion dated April 25, 2005, defendant New York State Department of Education ("NYSDE" or "defendant") moved to dismiss the Complaint for failure to state a cause of action. Consideration of that motion was stayed pending settlement negotiations by the parties before United States Magistrate Judge Marian Payson. On July 27, 2005, pursuant to a settlement agreement, plaintiffs voluntarily dismissed all claims against all parties other than NYSDE (the dismissed parties hereinafter referred to as "the Pittsford defendants").

Two days after the plaintiffs voluntarily dismissed their claims against the Pittsford defendants, NYSDE moved for summary judgment against the plaintiffs on grounds that plaintiffs had previously represented that a settlement with the Pittsford defendants would automatically resolve plaintiffs' claims against NYSDE, and would obviate the need for further litigation against the NYSDE. NYSDE further claims that in reliance upon plaintiffs' representations, it did not participate in the settlement negotiations before Judge Payson. Plaintiff opposes defendant's motion for summary judgment on grounds that defendant's contention that it relied on a previously made representation from plaintiff's counsel is not a proper basis for granting a motion for summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff also seeks reconsideration of this Court's March 18, 2005 Order granting a motion to dismiss filed by the Pittsford defendants.

I. <u>Motion to Dismiss</u>

Of the 32 Counts contained in the plaintiff's Second Amended Complaint, 5 causes of action are brought against the NYSDE. Count One charges that a New York State Review Officer, who was charged with reviewing the appeal of an earlier administrative ruling issued by an Independent Hearing Officer, issued a decision that was "factually and legally erroneous." Such a claim does not

constitute a cause of action, and accordingly, Count One of the Second Amended Complaint is dismissed with prejudice.

Count II of the Second Amended Complaint alleges that the defendant violated the Individuals with Disabilities Education Act ("IDEA") because it conducted an audit of the Pittsford Central School District, but "failed to discover the polices and practices" of the School District complained of by the plaintiffs, and failed to exercise proper oversight over the School District.  However, generalized allegations that the State Education Department failed to properly carry out its administration and regulation of educational policies within the State of New York fail to state a cause of action where the plaintiff has claimed that an individual school district failed to appropriately classify and place an individual student.  Mr. "B" v. Board of Education, 1998 U.S. Dist. LEXIS 1536 (E.D.N.Y. 1998).  Accordingly, Count II fails to state a cause of Action upon which relief can be granted.

Count III of the Second Amended Complaint alleges that the New York State Review Officer's decision "is biased and discriminates against [the plaintiffs' child] based on [his alleged] drug use" in violation of Section 504 of the Rehabilitation Act of 1973.  There is no factual basis for this allegation set forth anywhere in the Second Amended Complaint, and the conclusion that an adverse decision rendered against BM must have been the result of unlawful discrimination based on alleged drug use is wholly conclusory.  I

therefore find that this allegation fails to state a claim upon which relief can be granted. Count III also alleges that the NYSDE failed to exercise proper oversight over the Pittsford Central School District in violation of Section 504. For the reasons I dismiss plaintiffs' claims under the IDEA, I find that this claim fails to state a cause of action.

Count XXIX of the Second Amended Complaint alleges that the defendant violated unspecified rights under the Fourteenth Amendment to the United States Constitution. In addition to being vague and conclusory, the Second Amended Complaint fails to allege facts in support of a claim that NYSDE engaged in any unconstitutional conduct. Accordingly, I grant defendant's motion to dismiss this cause of action. For the same reason, I grant defendant's motion to dismiss Count XXXI of the Second Amended Complaint, which alleges that the NYSDE violated plaintiffs' rights to due process of law in violation of the Fourteenth Amendment.

II.  Motion for Summary Judgment

Because I grant defendant's motion to dismiss, I deny as moot defendant's motion for summary judgment.

III. Motion for Reconsideration

Plaintiff seeks reconsideration of this Court's Order granting the Pittsford defendants' motion to dismiss. Because the action between the plaintiffs and these defendants has been settled, I deny plaintiffs' motion as moot.

CONCLUSION

For the reasons set forth above, I grant defendant's motion to dismiss. Count I of the Complaint is dismissed with prejudice. Counts II, III, XXIX and XXXI are dismissed without prejudice.[1]

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
    MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          March 30, 2006

---

[1] While the court dismisses these causes of action without prejudice, it is questionable whether or not the plaintiffs have a viable cause of action against any State defendant given the nature of the allegations set forth in Second Amended Complaint and plaintiffs' settlement with the Pittsford defendants.